**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

IN RE

PATRICIA EILEEN NELSON                                  CASE NO. 11-70281

DEBTOR

ALI ZADEH                                                       PLAINTIFF

V.                                                       ADV. CASE NO. 16-7006

PATRICIA EILEEN NELSON                                  DEFENDANT

**MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR AN ORDER
DECLARING A JUDGMENT "UNDISCHARGEABLE"**

This matter is before the Court on Debtor/Defendant Patricia Eileen Nelson's Motion to Dismiss this adversary proceeding. [ECF No. 15.][1] The Court held a pre-trial conference on October 12, 2016, at which both Debtor and Plaintiff Ali Zadeh appeared *pro se*. The parties were authorized to supplement the record and both Zadeh [ECF No. 28] and Debtor [ECF Nos. 26, 27] submitted additional documents. The Court has reviewed the materials in the record and being duly and sufficiently advised, will grant Debtor's Motion to Dismiss. Zadeh's supplemental filing related to the Motion, titled as a "Motion Beseeching Court to Tender an Order Declaring Judgment Undischargeable," is denied to the extent Zadeh labeled it as a "motion."[2] [ECF No. 28.]

---

[1] Unless otherwise specified, references to "ECF No. ___" are from filings in this Adversary Case No. 16-7006.

[2] To the extent Zadeh intended his supplemental filing to be an affirmative motion seeking relief, Zadeh did not follow the Court's Local Rule with regard to the filing of motions. KYEB LBR 9013-1.

I. **BACKGROUND**

This dispute stems from a divorce proceeding between the parties overseen by the Johnson Family Court, 04-CI-256 (the "Family Court Case"). The family court entered an order on November 27, 2007, setting Zadeh's monthly child support obligation at $1,186, noting that Zadeh had "failed to provide the Court any documentation as to his monthly income." [ECF No. 28-1 (the "Child Support Order").] Zadeh sought relief from the Kentucky Court of Appeals, and that court entered an opinion on March 26, 2010, vacating the Child Support Order. [ECF No. 28-4.] Contrary to Zadeh's assertion, the appellate court did not state that Nelson had committed fraud related to the Child Support Order, but rather that the family court was "placed in an untenable position" as the parties "present[ed] conflicting opinions and contentions without accompanying documentation." [*Id.*] As a result, the appellate court remanded the case for further action because "the evidence that [Nelson] submitted was insufficient to prove the amount or source of Ali's imputed income," and the court gave Zadeh "the admonition … that he provide the [family] court with his bank statements reflecting that he did not have the income that he contends is lacking." [*Id.*]

The next month, Zadeh sought relief in the Family Court Case via a "Motion to Set Aside and Vacate the Johnson Family Court Order of November 27, 2007 and the Order of March 27, 2008." [ECF 28-3.] On February 25, 2011, the family court entered "Findings of Fact, Order and Judgment." [ECF No. 28-5 (the "Judgment").] The family court found that Zadeh had a total child support obligation from November 2007 to February 2011 of $10,160, but had paid Nelson a total of $23,119.85 in that period, an overpayment of $12,959.85. The family court further concluded that Zadeh had incurred $3,722.89 in legal fees, and entered a

judgment in Zadeh's favor totaling $16,682.74. The Judgment likewise did not state that Nelson had committed fraud in connection with the original Child Support Order.

Zadeh next filed a small claims case against Nelson in the Johnson County District Court. [Case No. 11-S-00004 (the "Small Claims Case").] Although the materials submitted to this Court from the Small Claims Case are incomplete, it appears that Zadeh sought to collect on the Judgment from the Family Court Case via the Small Claims Case. On April 21, 2011, however, Nelson filed a Chapter 7 bankruptcy petition, listing Zadeh as a creditor and identifying the Small Claims Case as pending litigation. [Case No. 11-70281 (the "Bankruptcy Case"), ECF No. 1.]

Zadeh did not file a proof of claim in the Bankruptcy Case. On May 31, 2011, however, Zadeh filed a complaint in the Bankruptcy Case, opening his first adversary proceeding against Nelson. [AP No. 11-7018, ECF No. 1.] Zadeh sought relief under § 707(b) and § 523(a)(5) and (17).[3] This Court dismissed Zadeh's complaint on July 6, 2011, for his failure to pay the filing fee, and the adversary proceeding was closed. Nelson's discharge under § 727 was entered in the Bankruptcy Case on August 31, 2011. [Bankruptcy Case, ECF No. 14.]

Following the entry of Nelson's discharge, Zadeh continued pursuing her in the Small Claims Case. On December 22, 2011, the Johnson District Court overruled Zadeh's "Motion to Enter Judgment and to Set Aside Defendant's Notice of Bankruptcy Discharge." The court explained:

> Although the Plaintiff claims that the subject matter of this litigation is a Family Court Ordered obligation and as such, not a dischargeable debt in US Bankruptcy Court, it is important to note that [Zadeh] filed an Adversary Proceeding (#11-7018) in [Nelson's] Bankruptcy Case (#11-70281) and the Adversary Proceeding was DISMISSED by the Bankruptcy Court on July 22,

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ___," and references to the Federal Rules of Civil Procedure appear as "Civil Rule __."

> 2011. As such, the Court finds that any debt owed by [Nelson] to [Zadeh] was discharged by the Order of Discharge entered August 31, 2011. Because [Zadeh's] Claim allegedly arises out of a claim in Johnson Family Court, 04-CI-256, this Court is of the Opinion that any attempts to collect such must be made in that action and not this Small Claims Court…. [T]he case is ORDERED DISMISSED. This is a final and appealable Order.

[ECF No. 15.] There is no evidence that Zadeh appealed that order.

A year and a half later, on July 15, 2013, Debtor Nelson filed a "Motion to Declare Judgment Void" in the Family Court Case, seeking "an Order declaring [the Judgment] to be void due [to] the discharge in Bankruptcy Court." [ECF No. 28-6.] Zadeh responded with an "Objection to Petitioner's Motion to Declare Judgment Void," arguing that the Judgment was not discharged. [ECF No. 28-7.] The family court then entered an order instructing Debtor to "produce records from her Bankruptcy action showing that the debt at issue in this matter was discharged by the Federal Bankruptcy Court." [ECF No. 28-8.] On October 25, 2013, the family court denied Debtor's motion. There is no evidence that Nelson appealed this order.

Documents in the record reflect that, following the October 25, 2013 ruling, Zadeh took steps to collect on the Judgment via garnishment activity in the Kentucky state courts. [ECF No. 28-14, 28-15, 28-16, 28-17, 28-18, 28-19; Bankruptcy Case, ECF No. 18.]

For reasons which are not entirely clear given the family court ruling, on June 17, 2016, Zadeh once again returned to this Court, filing a "Motion to Verify Whether or Not Debt Was Discharged" in Nelson's Bankruptcy Case, which the Court construed as a complaint and docketed as a new adversary proceeding. As no filing fee was paid, no summons initially was issued, and Zadeh was sent notice on June 23, 2016, that a filing fee was due by June 30, 2016. Zadeh filed an amended complaint on June 28, 2016, and sent a personal check and correspondence to the Court dated June 27 stating "[t]he Plaintiff requests that any court proceedings be scheduled for August 2016 or thereafter, due to the fact that he will be out of the

4

country during the entire month of July 2016." [ECF No. 8.] Zadeh's attempt to pay the filing fee with a personal check was rejected. Ultimately, Zadeh paid his filing fee and on July 5, 2016, a summons was issued to Zadeh for service upon Nelson. Zadeh filed an Affidavit of Service stating that he mailed the summons and complaint to Nelson on August 1, 2016. Nelson thereafter reported that she received the summons in the mail on August 2, 2016, and objected to the service as untimely. [ECF No. 15.]

The Amended Complaint does not cite a specific statute or common law cause of action for which Zadeh seeks relief. It asks the Court

> to verify whether or not debt which was owed to him by [Nelson] was discharged on August 31, 2011…. Said debt incurred due to the Plaintiff's overpayment of court ordered child support, which resulted from the Defendant producing the court with FRAUDULENT information pertaining to Plaintiff's income.

[ECF No. 7.] Thus, it is unclear whether Zadeh seeks relief under § 523(a)(5) relating to "a domestic support obligation" – a section expressly noted in the complaint in his original adversary proceeding – or § 523(a)(2)(A) relating to money obtained by "false pretenses, a false representation, or actual fraud," or some other section of the Bankruptcy Code.

The Court entered an Order for Trial setting certain pre-trial deadlines (with which the parties failed to comply) and scheduled a pre-trial conference for October 12, 2016. During the conference, Zadeh advised the Court that, in this action, he seeks an order holding that the Judgment, relating to an overpayment of child support purportedly obtained via fraud, was not discharged via Debtor's Bankruptcy Case. The Court noted that the first adversary proceeding Zadeh filed in 2011 related to the Judgment and was dismissed, and further that the parties had not followed the deadlines in the Order for Trial. Nevertheless, Zadeh advised that he wished to pursue this adversary proceeding against Debtor, wanted to file additional papers in the record,

and desired to have a trial to determine whether Debtor remains liable to him for the debt based on the Judgment.

Nelson advised the Court that she objected to Zadeh's continued efforts to collect on the Judgment, invoking the Order of Discharge obtained in the Bankruptcy Case, and noting that Zadeh's first adversary proceeding was dismissed. She cited § 727(e) as providing a statute of limitations of one year for proceedings to revoke a discharge in a closed Chapter 7 case. She argued that the Small Claims Case was dismissed based on her discharge. She confirmed that she seeks (i) dismissal of this adversary proceeding, including on the basis of failure to serve the summons in a timely fashion; (ii) to prevent Zadeh from continuing to collect from her; and (iii) sanctions against Zadeh.

After hearing the parties' positions, the Court authorized the parties to supplement the record, vacated the trial date, and took Nelson's Motion to Dismiss under submission. [ECF No. 24.]

**II.    ANALYSIS**

The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409.

This case involves parties appearing *pro se*. The pleading standard for *pro se* litigants is "less stringent . . . than formal pleadings drafted by lawyers" and *pro se* pleadings are to receive liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Nevertheless, *pro se* litigants must comply with the requirements of applicable rules of procedure. *See*, *e.g*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (explaining that if a *pro se* litigant does

not comply with a clear court-imposed deadline, there is no basis for granting that party more leeway than a party represented by an attorney).

### A. Zadeh failed to serve Nelson with process in accordance with the time limitation in Bankruptcy Rule 7004(e), warranting dismissal of this case.

In this matter, the Clerk of the Court issued Zadeh the summons for service upon Nelson on July 5, 2016, but it was not served by mail until August 1, twenty-seven days later. A plaintiff must cause the summons and complaint to be served on a defendant "within 7 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued." FED. R. BANKR. P. 7004(e). In other words, Zadeh failed to comply with a basic procedural rule. Nelson objected to the delayed service, invoking Civil Rule 12(b)(5) (made applicable by Bankruptcy Rule 7012(b)). While Zadeh sent correspondence to the Court to advise that he would be "out of the country during the entire month of July 2016," procedural deadlines are not trumped by personal travel. Nelson's objection is well-founded and will be sustained.

### B. To the extent Zadeh seeks relief under § 523(a)(2)(A), the statute of limitations bars his claim, warranting dismissal of this case.

In addition, to the extent Zadeh's nondischargeability claim is based on Nelson's alleged fraud, and seeks relief under § 523(a)(2)(A), the statute of limitations provides a complete defense to Nelson.[4] A debtor will be discharged from a debt of the kind specified in § 523(a)(2)(A) "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge." 11 U.S.C. § 523(c)(1). "[A] complaint to determine the dischargeability of a debt under § 523(c) shall be

---

[4] While Nelson raised the one-year statute of limitations set forth in § 727(e) at the pre-trial conference, it does not appear that Zadeh seeks to revoke Nelson's discharge under that Section. However, the Court construes Nelson's *pro se* pleading, statements on the record at the pre-trial conference, and supplemental materials filed in the record to state a defense that Zadeh's claim against her is untimely.

filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." FED. R. BANKR. P. 4007(c). In addition, any request to extend this deadline must be made before this period expires. *Id*.

Zadeh neither filed this adversary proceeding within 60 days after the first date set for the meeting of creditors in Debtor's Bankruptcy Case, nor requested an extension of the filing deadline. As a result, to the extent Nelson's debt to Zadeh is of the kind specified in § 523(a)(2)(A), it has been discharged and Zadeh is time-barred from seeking further relief for Nelson's alleged "fraud."

**C.    The *Rooker-Feldman* doctrine precludes this Court's review of certain state court judgments, and the Court abstains from addressing whether the Judgment is non-dischargeable as a "domestic support obligation."**

Zadeh also states that the Judgment is non-dischargeable as a debt related to "court ordered child support," thereby apparently invoking § 523(a)(5). As discussed above, it appears the parties already have sought guidance regarding the dischargeability of the Judgment from multiple state courts in Johnson County, Kentucky. [ECF No. 15 at 5-6; ECF No. 28-12.]

This Court may not act as an appellate court for certain state court judgments:

> The *Rooker-Feldman* doctrine, which takes its name from two cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), forbids lower federal courts from hearing cases that "essentially invite [them] to review and reverse unfavorable state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). *Rooker-Feldman* ousts lower federal courts of subject-matter jurisdiction in "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced [4] and inviting district court review and rejection of those judgments." *Id*. at 284. The premise underlying *Rooker-Feldman* is that appellate jurisdiction over state court judgments has exclusively been granted by Congress to the Supreme Court; courts below that court cannot exercise its appellate jurisdiction. *See id*. at 291-92.

*Gleason v. GVL Lake Props., LLC (In re Gleason)*, 510 B.R. 114, 122 (Bankr. E.D. Ky. 2014).

8

Under the *Rooker-Feldman* doctrine, this Court lacks appellate jurisdiction over state court judgments meeting these criterion.

In addition, with certain exceptions not relevant here, state courts have concurrent jurisdiction with the bankruptcy courts to determine dischargeability under § 523(a). *See*, *e.g.*, *Cummings v. Cummings*, 244 F.3d 1263, 1267 (11th Cir. 2001) ("State courts have concurrent jurisdiction with the bankruptcy courts to determine whether an obligation is in the nature of support for the purposes of § 523(a)(5)."); 4 COLLIER ON BANKRUPTCY ¶ 523.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010) ("For all other exceptions to discharge enumerated in section 523(a) [except those under subsections 523(a)(2), (4), and (6)] jurisdiction may be exercised by either the bankruptcy court or the state or other nonbankruptcy court.").

The Johnson County family court has jurisdiction over this dispute and has exercised that jurisdiction. In the interests of justice, or in the interests of comity with state courts or respect for state law, bankruptcy courts may exercise their discretion to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). This Court will exercise its discretion to abstain from hearing Zadeh's claim under § 523(a)(5), to the extent one is asserted in his complaint.

**D.    Nelson has not alleged a counterclaim against Zadeh.**

Finally, the Court has reviewed Nelson's answer [ECF No. 15] and finds that it does not assert a counterclaim against Zadeh under state or federal law. The Court declines to create a cause of action on Nelson's behalf.

### III.    CONCLUSION

For the foregoing reasons, Zadeh's "Motion Beseeching Court to Tender an Order Declaring Judgment Undischargeable," is denied. Debtor's motion to dismiss is GRANTED

9

and Zadeh's complaint shall be DISMISSED. A separate judgment shall be entered accordingly.

Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Tuesday, November 15, 2016
(tnw)



---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**